IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE PROCTER & GAMBLE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 08-191-JJF |
| ) | |
| TEVA PHARMACEUTICALS USA, INC., ) | |
| ) | |
| Defendant. ) | |

## JOINT MOTION FOR ENTRY OF JUDGMENT

Plaintiff The Procter & Gamble Company ("Procter & Gamble") and Defendant Teva Pharmaceuticals USA, Inc. ("Teva USA") move for entry of judgment in this case based on the opinion dated February 28, 2008, in *The Procter & Gamble Co. v. Teva Pharmaceuticals USA, Inc.* (No. 1:04-cv-940-JJF) (the "Prior Action"), a related case pending before this Court involving the same patent and similar legal and factual claims.

In support of this motion, Procter & Gamble and Teva USA state as follows:

1. The present case is a patent infringement action involving Procter & Gamble's U.S. Patent No. 5,583,122 (the "'122 Patent"). It relates to Teva USA's Abbreviated New Drug Application No. 90-234, submitted to the FDA under Section 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)), seeking approval to engage in the commercial manufacture, use, and sale of tablets containing 35 mg of risedronate sodium with tablets containing calcium carbonate, a generic version of the 35 mg form of ACTONEL® tablets with calcium carbonate tablets, before the expiration date of the '122 Patent.

2. This action is related to the Prior Action, which also involves the '122 Patent. Like this action, the Prior Action arises under 35 U.S.C. §§ 271 and 281. The Prior Action

relates to ANDA No. 77-132 filed by Teva USA with the FDA for approval to market a generic version of Procter & Gamble's ACTONEL® drug product in 5 mg, 30 mg, and 35 mg forms.

3.  On November 6-8, 2006, this Court held a trial on the merits in the Prior Action.

4.  Before trial in the Prior Action, Teva USA stipulated for purposes of that litigation that its commercial marketing of its products at issue in the Prior Action would infringe claims 4, 16, and 23 of the '122 Patent if those claims were valid. As a result, the sole issue litigated during that trial was the validity of those claims.

5.  Teva USA agrees, for purposes of this action, that its commercial marketing of its proposed generic version of the 35 mg ACTONEL® tablets with calcium carbonate tablets would also infringe claims 4, 16, and 23 of the '122 Patent if those claims are valid. As a result, the only issue to be litigated in this action is the validity of those claims.

6.  Procter & Gamble and Teva USA agree that, subject to any appeal, the Court's determination in the Prior Action with respect to the validity of claims 4, 16, and 23 of the '122 Patent is dispositive of the validity of those claims in this case as well.

7.  The parties agree that when the Court enters judgment in the Prior Action, it may immediately enter a judgment in this case that is identical to the judgment in the Prior Action with respect to the validity and infringement of claims 4, 16 and 23 of the '122 Patent.

8.  The parties have each proposed forms of judgment in the Prior Action and have briefed the issue of which form is appropriate. The parties agree that whatever form of judgment that the Court deems appropriate for the Prior Action may be entered in this case also. For the Court's convenience, the parties attach as Exhibit A a form of judgment that mirrors Procter & Gamble's proposed judgment in the Prior Action and as Exhibit B a form of judgment that mirrors Teva USA's proposed judgment in the Prior Action.

9. For these reasons, Procter & Gamble and Teva USA respectfully request that the Court enter judgment in this action in accordance with the foregoing.

| | |
|---|---|
|    /s/ Steven J. Fineman    <br>Frederick L. Cottrell, III (#2555)<br>Steven J. Fineman (#4025)<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>P.O. Box 551<br>Wilmington, DE 19899-0551<br>302-651-7700<br>Cottrell@rlf.com<br>Fineman@rlf.com<br>Attorneys for Plaintiff The Procter & Gamble Company<br><br><br>Of Counsel:<br><br>William F. Lee<br>Hollie L. Baker<br>Vinita Ferrera<br>Wilmer Cutler Pickering Hale and Dorr<br>60 State Street<br>Boston, MA 02109<br>617-526-6000<br><br>David B. Bassett<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>399 Park Avenue<br>New York, New York 10022<br>(212) 230-8800 |    /s/ Karen L. Pascale   <br>Josy W. Ingersoll (#1088)<br>Karen L. Pascale (#2903)<br>Karen E. Keller (#4489)<br>Adam W. Poff (#3990)<br>Young, Conaway, Stargatt & Taylor<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE 19899-0391<br>(302) 571-6672<br>jingersoll@ycst.com<br>kkeller@ycst.com<br>apoff@ycst.com<br>Attorneys for Defendant Teva Pharmaceuticals U.S.A., Inc.<br><br>Of Counsel:<br><br>James Galbraith<br>Maria Luisa Palmese<br>Antony Pfeffer<br>Kenyon & Kenyon LLP<br>One Broadway<br>New York, NY 10004<br>(212) 425-7200 |

Dated: April 25, 2008

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE PROCTER & GAMBLE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 08-191-JJF |
| ) | |
| TEVA PHARMACEUTICALS USA, INC., ) | |
| ) | |
| Defendant. ) | |

### [PROPOSED] ORDER OF FINAL JUDGMENT

The parties having jointly moved the Court to enter final judgment as set forth in their Joint Motion for Entry of Judgment;

NOW THEREFORE, IT IS ORDERED AND ADJUDGED for the reasons set forth in the Court's Opinion dated February 28, 2008 in Civil Action No. 04-CV-940-JJF, that Final Judgment is entered in favor of the Plaintiff, The Procter & Gamble Company ("P&G"), and against the Defendant, Teva Pharmaceuticals USA, Inc. ("Teva"), on P&G's claims that Teva has infringed Claims 4, 16, and 23 of U.S. Patent No. 5,583,122 (the "'122 Patent");

AND IT IS FURTHER ORDERED AND ADJUDGED that claims 4, 16, and 23 of the '122 patent are valid and enforceable;

AND IT IS FURTHER ORDERED that, pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of Teva's Abbreviated New Drug Application No. 90-234 shall be a date which is not earlier than the date of expiration of the '122 patent, including any extensions and regulatory exclusivities that are granted and not successfully challenged;

AND IT IS FURTHER ORDERED that, pursuant to 35 U.S.C. § 271(e)(4)(B), Teva and its successors-in-interest, officers, agents, servants, employees and attorneys, and those persons in active concert or participation with any of them who receive actual notice of this Order by

personal service or otherwise, are hereby enjoined from commercially making, using, offering to sell or selling within the United States, or importing into the United States any products that infringe the '122 patent, including the 35 mg risedronate sodium tablets with calcium carbonate tablets for treatment or prevention of osteoporosis that are the subject of Abbreviated New Drug Application No. 90-234, until the expiration of the '122 patent (December 10, 2013), including any extensions and regulatory exclusivities that are granted and not successfully challenged.

SO ORDERED THIS _____ day of _____, 2008.

_____
United States District Judge

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE PROCTER & GAMBLE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 08-191-JJF |
| ) | |
| TEVA PHARMACEUTICALS USA, INC., ) | |
| ) | |
| Defendant. ) | |

**FINAL JUDGMENT ORDER**

For the reasons set forth in this Court's Opinion of February 28, 2008;

IT IS HEREBY ORDERED that:

1.   Claims 4, 16, and 23 of U.S. Patent No. 5,583,122 ("the '122 patent") are not invalid;

2.   Pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any Food and Drug Administration approval of defendant's Abbreviated New Drug Application No. 79-215 with respect to tablets containing 35 mg risedronate sodium plus calcium tablets for treatment or prevention of osteoporosis will be a date not earlier than December 10, 2013, the expiration date of the '122 patent;

3.   Pursuant to 35 U.S.C. § 271(e)(4)(B), defendant, its officers, agents, attorneys and employees, and those persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, are hereby enjoined from engaging in the commercial use, offer to sell, sale within the United States, or importation into the United States of risedronate sodium or tablets containing 35 mg risedronate sodium plus calcium tablets for treatment or prevention of osteoporosis before December 10, 2013, the expiration date of the '122 patent;

RLF1-3277108-1

- 2 -

4. Judgment is entered in favor of plaintiff and against defendant on plaintiff's claims of infringement of claims 4, 16, and 23 of the '122 patent and on defendant's defenses to those claims;

SO ORDERED this _____ day of _____, 2008.


_____
United States District Judge