# YOUNG CONAWAY STARGATT & TAYLOR, LLP

KAREN L. PASCALE
DIRECT DIAL: (302) 571-5001
DIRECT FAX:  (302) 576-3516
kpascale@ycst.com

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE  19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(302) 571-1253 FAX
(800) 253-2234 (DE ONLY)
www.youngconaway.com

May 9, 2008

**BY CM/ECF**

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 King Street
Wilmington, DE  19801

    Re:    *Procter & Gamble Co. v. Teva Pharmaceuticals USA, Inc.*, C.A. No. 04-940 (JJF)
             *Procter & Gamble Co. v. Teva Pharmaceuticals USA, Inc.*, C.A. No. 08-66 (JJF)
             *Procter & Gamble Co. v. Teva Pharmaceuticals USA, Inc.*, C.A. No. 08-191 (JJF)

Dear Judge Farnan:

       We represent Teva Pharmaceuticals USA, Inc. in each of the above-captioned cases, and write regarding the Court's Oral Order dated May 6, 2008, in C.A. No. 08-191, denying the parties' joint motion in for entry of final judgment, with leave to renew upon compliance with the Court's February 1, 2008 procedure for filing non-case-dispositive motions.  As explained below, Teva USA respectfully submits that the motion (D.I. 5 in C.A. No. 08-191) is not a "non-case dispositive motion," but instead a joint (unopposed) application for an order that would dispose of the case.

       To provide some background on the motion in the context of the above-referenced related actions, C.A. No. 04-940 was tried to the Court in November 2006, and on February 28, 2008, your Honor issued an opinion holding that P&G's patent in suit was not invalid.  (D.I. 117.)  Since the parties had stipulated to infringement, that holding was dispositive of the case, and the opinion directed P&G to submit a proposed form of judgment.

       P&G submitted a proposed judgment on March 13, 2008.  (D.I. 119.)  On March 20, Teva USA submitted its own proposal, along with a memorandum explaining why Teva USA believed that its form of judgment is more appropriate than P&G's.  (D.I. 121.)  On March 27, P&G responded to Teva USA's memorandum.  (D.I. 122.)

       The 08-66 action raises the same validity issues as C.A. No. 04-940.  Accordingly, on February 26, 2008, before your Honor's decision, the parties jointly moved for a stay of that case pending resolution of C.A. No. 04-490.  (D.I. 7.)  The joint motion, which the Court granted (D.I. 9), stipulated that the parties would be bound by the result in C.A. No. 04-940, subject to any appeal.  In accordance with the February 28 opinion and that stipulation, both parties have submitted proposed forms of judgment that mirrored the proposals in C.A. No. 04-940, as well as supporting memoranda.  (D.I. 10, 12 and 13.)

Young Conaway Stargatt & Taylor, LLP
The Honorable Joseph J. Farnan, Jr.
May 9, 2008
Page 2

Finally, C.A. No. 08-191 also raises the same issues as C.A. No. 04-940. Accordingly, the parties have submitted a joint motion for entry of judgment to which their competing proposals for final judgment are attached. (D.I. 5.) Again, these proposals mirror those in C.A. No. 04-940. On May 6, the Court denied this motion without prejudice for failure to comply with the Court's procedures for "non-case-dispositive" motions. Teva USA respectfully points out that the motion is for entry of final judgment, and its granting, which both parties request, would dispose of every issue in the case. Under the circumstances, Teva USA believes that the motion should not be subject to the Court's procedure for non-case-dispositive motions. Teva USA therefore respectfully requests that the Court reconsider the May 6 order and rule on the motion.

The parties have submitted proposed judgments in all three pending cases, and have fully briefed the issue of the appropriate form of judgment. The cases are therefore ripe for entry of final judgment. Moreover, the three cases require only a single decision. Since the issues are the same in all of them, whatever form of judgment the Court decides is appropriate in C.A. No. 04-940 may be entered in the other two cases as well.

Teva USA intends to appeal the determination of validity, but until judgments are entered it cannot do so. Teva USA therefore respectfully requests that the Court enter judgment in all three cases at the Court's earliest opportunity. Teva USA would be available in person or by telephone to discuss this matter at the Court's convenience.

Respectfully submitted,

*/s/ Karen L. Pascale*

Karen L. Pascale (No. 2903)

cc:  Frederick L. Cottrell, III, Esquire (by CM/ECF and hand delivery)
     Steven J. Fineman, Esquire (by CM/ECF and hand delivery)
     William F. Lee, Esquire (by e-mail)
     Vinita Ferrera, Esquire (by e-mail)
     James Galbraith, Esquire (by e-mail)